Clifford H. Castor and Alvina Castor (Husband and Wife) v. Commissioner.
Castor v. Commissioner
Docket No. 52131.
United States Tax Court
T.C. Memo 1956-11; 1956 Tax Ct. Memo LEXIS 283; 15 T.C.M. (CCH) 45; T.C.M. (RIA) 56011; January 19, 1956
*283 Petitioners' joint return for 1950 disclosed a tax liability of $13,370.28, of which amount $7,591.56 was paid by withholding tax deductions. The balance of such tax liability in the amount of $5,778.72 was paid on April 9, 1951, after the return was filed. The petitioners did not file a declaration of estimated tax and no reasonable cause for their failure to do so was shown. The respondent determined a penalty under section 294(d)(1)(A) for their failure to file a declaration of estimated tax and a penalty under section 294(d)(2) for their substantial underestimate of estimated tax. Held, respondent's determination of penalties sustained. G. E. Fuller, 20 T.C. 308 (1953), affd. 213 Fed. (2d) 102 (C.A. 10, 1954); and Harry Hartley, 23 T.C. 353 (1954). Norman C. Parker, Esq., for the petitioners. Melvin A. Bruck, Esq., for the respondent. RICE
Memorandum Opinion RICE, Judge: This proceeding involves a deficiency in income tax and penalties determined by the respondent against petitioners for the year 1950 as follows: Sec. 294(d)(1)(A)
Sec. 294(d)(2)
Deficiency
Penalty
Penalty
$153.58
$540.06
$355.94
The petitioners concede that the respondent's determination of the deficiency is correct but contest the penalties imposed. [1]
*285 All of the facts were stipulated, are so found, and are incorporated herein by this reference. Petitioners are husband and wife and residents of Edwardsville, Illinois. Petitioner, Clifford H. Castor, maintained an office in St. Louis, Missouri, in 1950, and petitioners' joint return for such year was filed with the collector of internal revenue in that city. On their return for 1950, petitioners reported net income of $42,771.03, on which income taxes in the amount of $7,591.56 had been withheld. The return showed a total tax liability of $13,370.28. The $5,778.72 difference in such disclosed liability and the amount withheld was paid by petitioners on April 9, 1951, after their return was filed. They filed no declaration of estimated tax for 1950 and made no payments of estimated tax for such year. No evidence was offered to show reasonable cause excusing their failure to file a declaration of estimated tax. From the argument which petitioners make on brief, we do not understand that they now contest the imposition of the penalty determined under section 294(d)(1)(A) for their failure to file a declaration of estimated tax. Their argument is directed exclusively against the *286 imposition of both a penalty for such failure and a penalty for the substantial underestimate of estimated tax provided in section 294(d)(2). We considered this precise question in , affd. (C.A. 10, 1954), wherein we held that where no declaration of estimated tax was filed the amount of estimated tax was deemed to be zero, and that the respondent properly imposed a penalty, both for failure to file a declaration of estimated tax and for substantial underestimate of estimated tax. . Even if petitioners are still contesting the imposition of the penalty for their failure to file a declaration of estimated tax, no cause was shown by them which excuses their failure. The respondent's determination of penalties under sections 294(d)(1)(A) and 294(d)(2) is, therefore, sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. * * *
(d) Estimated Tax. - (1) Failure to file declaration or pay installment of estimated tax. - (A) Failure to File Declaration. - In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35. * * *
(2) Substantial underestimate of estimated tax. - If 80 per centum of the tax (determined without regard to the credits under sections 32 and 35), in the case of individuals other than farmers exercising an election under section 60(a), or 66 2/3 per centum of such tax so determined in the case of such farmers, exceeds the estimated tax (increased by such credits), there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser. This paragraph shall not apply to the taxable year in which falls the death of the taxpayer, nor, under regulations prescribed by the Commissioner with the approval of the Secretary, shall it apply to the taxable year in which the taxpayer makes a timely payment of estimated tax within or before each quarter (excluding, in case the taxable year begins in 1943, any quarter beginning prior to July 1, 1943) of such year (or in the case of farmers exercising an election under section 60(a), within the last quarter) in an amount at least as great as though computed (under such regulations) on the basis of the taxpayer's status with respect to the personal exemption and credit for dependents on the date of the filing of the declaration for such taxable year (or in the case of any such farmer, or in case the fifteenth day of the third month of the taxable year occurs after July 1, on July 1 of the taxable year) but otherwise on the basis of the facts shown on his return for the preceding taxable year. In the case of taxable years beginning prior to October 1, 1950, and ending after September 30, 1950, the additions to tax prescribed by this subsection shall not be applicable if the taxpayer failed to meet the 80 per centum and 66 2/3 per centum requirements of this paragraph by reason of the increase in normal tax and surtax on individuals imposed by section 101 of the Revenue Act of 1950.↩